UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

_____
                                                    )
UNITED STATES OF AMERICA    )
                                                    )
v.                                                 )    Crim. No. 2:18-CR-00124-JDL
                                                    )
GREGORY MARTIN                   )
         Defendant                          )
_____ )

**DEFENDANT GREGORY MARTIN'S EMERGENCY MOTION TO REOPEN MOTION FOR COMPASSIONATE RELEASE AND REQUEST FOR ASSIGNMENT OF COUNSEL**

NOW COMES the Defendant, Gregory Martin, by and through undersigned Counsel (not yet assigned) and respectfully requests that this Honorable Court allow Mr. Martin to reopen his Motion to Reopen the Motion for Compassionate Release. Counsel, on behalf of Mr. Martin requests assignment to further argue this matter. In support thereof, Counsel states as follows:

PROCEDURAL BACKGROUND

Gregory Martin appeared before this Court on July 1, 2019 and entered a plea of guilty to Possession with Intent to Distribute Cocaine Base. *ECF #61*. The matter was set

1

for sentencing. *Id*. It was continued due to probation's request to attain relevant records. *ECF #64,68,71*. On March 2, 2020, Mr. Martin was sentenced to 84 months incarceration with four years supervised release. *ECF #78*. Mr. Martin, through counsel, filed a Motion for Compassionate Release on June 22, 2020. *ECF #90*. This Court denied the Motion on September 25, 2020. *ECF #96*.

## AUTHORITY

"[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *United States v. Mendez*, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008); *United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) ("As the Second Circuit noted in United States v. Clark, post-judgment motions for reconsideration may be filed in criminal cases"); see also *United States v. Grimm*, 2:08-CR-64 JCM (GWF)(October 21, 2020)(using Motion for Reconsider for changed circumstances under Motions for Compassionate Release due to COVID-19).

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed

or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *Fed.R.Civ.P. 60(b).*

## BASIS FOR MOTION

Mr. Martin previously sought compassionate release while he was housed at the Strafford County Community of Corrections in Dover, New Hampshire. See *ECF #90 Statement of Uncontested Facts #1*. Mr. Martin is now housed at FCI Schuylkill. See *ECF $104, 105*. FCI Schuylkill reported 155 positive cases on December 20, 2020, the 11th highest of all Bureau of Prison (BOP) facilities in the country. https://www.bop.gov/coronavirus/

This information was not available at the time of the original Motion for Compassionate Release, and thus, could not have been discovered nor provided to the Court at the time of the original Motion for Compassionate Release. Mr. Martin respectfully requests that this Court allow this matter to be reopened.

## REQUEST FOR ASSIGNEMENT OF COUNSEL

Due to COVID-19 lockdowns, Mr. Martin's contact with undersigned counsel has been limited.  Mr. Martin has also been limited in his access to the prison law library. See *ECF #104, 105* (*Martin Declaration*). In these unprecedented times, undersigned counsel

seeks this assignment on behalf of Mr. Martin to pursue a renewed Motion for Compassionate Release.

## ARGUMENT

Mr. Martin previously sought compassionate release from this Court. *ECF #90*. This Court found that Mr. Martin's health conditions presented 'extraordinary and compelling circumstances' for release. See *ECF #96, page ID #747* ("Martin's asthma, hepatitis C, and obesity, viewed together, do present extraordinary and compelling reasons supporting his compassionate release.") This Court denied that request, however, stating "Martin has not established that SCHOC presents risks beyond those inherent to a congregate living facility, as currently no inmates at the facility are positive for the virus … ." *Id.* This Court further found that § 3553(a) factors weighed against release. *Id. at page ID #751*. At the time of that Order, however, the Court did not have information that Mr. Martin was incarcerated in a facility with a pandemic outbreak. Mr. Martin requests that this Court allow the Motion for Compassionate Release to be reopened to address this and seeks the assignment of counsel to assist.

WHEREFORE, Mr. Martin respectfully requests this Honorable Court allow Mr. Martin to reopen his Motion for Compassionate Release and assign counsel to assist together with any and all other relief that is fit and just.

Dated this 20th day of December 2020 at Portland, Maine.

    Respectfully submitted,

    /s/ David J. Bobrow, Esq.
    Attorney for Defendant
    BEDARD AND BOBROW, PC
    9 Bradstreet Lane
    P.O. Box 366
    Eliot, ME 03903
    207.439.4502
    djblaw@bedardbobrow.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

_____
                                 )
UNITED STATES OF AMERICA    )
                                 )
v.                                )    Crim. No. 2:18-CR-00124-JDL
                                 )
GREGORY MARTIN              )
       Defendant               )
_____)

## **CERTIFICATE OF SERVICE**

      I, David J. Bobrow, Esq., hereby certify that I have caused to be served via ECF the Defendant's Motion to Reopen Motion for Compassionate Release and for the assignment of counsel on the following individuals:

1.      Johnathan.Nathans@usdoj.gov
2.      All other attorneys of record in this matter.

Dated this 20th day of December 2020 at Portland, Maine.

                                                  Respectfully submitted,

                                                  /s/ David J. Bobrow, Esq.
                                                Attorney for Defendant
                                                BEDARD AND BOBROW, PC
                                                9 Bradstreet Lane
                                                P.O. Box 366
                                                Eliot, ME 03903
                                                207.439.4502
                                                djblaw@bedardbobrow.com