UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GREGORY MARTIN, | ) | |
|     Movant, | ) | |
| | ) | |
|     v. | ) | 2:18-cr-00124-JDL-1 |
| | ) | 2:20-cv-405-JDL |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

**ORDER ON MOTION TO APPOINT COUNSEL**

Gregory Martin has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. § 2255 (West 2021) (ECF No. 100). Attached to that motion was a request to appoint Attorney David J. Bobrow as counsel (ECF Nos. 100-1 at 1; 102). Magistrate Judge John C. Nivison denied the motion to appoint counsel, noting that "at this stage of the proceedings, the Court cannot conclude that [Martin] has demonstrated that an appointment of counsel is warranted" under the factors articulated by the First Circuit in *United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993). ECF No. 103 at 2. Martin has now filed a second motion to appoint counsel (ECF No. 105), along with a motion for reconsideration of the Magistrate Judge's decision (ECF No. 104). Attorney Bobrow has also filed a supplemental motion for reconsideration (ECF No. 107).

In *Mala*, the First Circuit determined that appointment of counsel was warranted where (1) the appellant had "shown a fair likelihood of success on the constitutional claim;" (2) the claim was "factually complex and legally intricate;" and (3) the facts were "largely undeveloped" and the appellant was "severely hampered

1

in his ability to investigate them." 7 F.3d at 1063-64.  In this case, I find that the progression of the proceedings thus far—particularly the Government's submission of a lengthy and relatively complex response and request for dismissal, in which the Government admits to the existence of a video of one of Martin's arresting officers indicating an interest in pulling over "thugs" (ECF No. 113)—reveal that Martin has a "fair likelihood of success" on a claim that is "factually and legally intricate."[1] *Mala*, 7 F.3d at 1063-64.  I further conclude that Martin is "severely hampered" in his ability to investigate both the facts and the law, particularly given his undisputed assertion that the COVID-19 pandemic has limited his access to the prison law library.  *Id.* at 1064.

Accordingly, Martin's second motion to appoint counsel (ECF No. 105) is **GRANTED**, on the condition that he first file an approved financial declaration with the Court.  The motions for reconsideration (ECF Nos. 104, 107) are **DENIED AS MOOT**.

SO ORDERED.

Dated:  February 25, 2021

/s/ JON D. LEVY
**CHIEF U.S. DISTRICT JUDGE**

---

[1] I note, as the Court did in *Mala*, that my "belief that there is some likelihood of success is not a finding, but merely an acknowledgment that [Martin] has limned a colorable claim."  *Mala*, 7 F.3d at 1063 n.6.